UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

CASIMIRO ARMINIO BARROS, )
               Petitioner )
)
v. )
)
JOHN ASHCROFT, United States )
Attorney General; )
DENIS RIORDAN, Regional District )
Director, )
Department of Homeland Security, )
U.S. Citizenship and Immigration )
Services, and Immigration and )
Customs Enforcement )
               Respondents )

04-12259

MAGISTRATE JUDGE

RECEIPT #
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10/26/04

## PETITION FOR WRIT OF HABEAS CORPUS
## VERIFIED COMPLAINT FOR DECLARATORY RELIEF,
## AND FOR STAY OF REMOVAL

Petitioner, Casimiro Arminio Barros, petitions this Honorable Court for a writ of Habeas Corpus to review the lawfulness of a final Order of Deportation entered against him. In addition, Petitioner seeks a stay of deportation pending a resolution of this case. In support of this Petition, Mr. Barros makes the following allegations:

### PRELIMINARY STATEMENT

1. The Petitioner, Casimiro Arminio Barros, is a permanent resident alien, facing deportation. He has been released from custody pursuant to conditions of bond.

2. He was originally ordered deported pursuant to an Order of the Immigration Judge, dated March 4, 1997. Proceedings were subsequently reopened; and, after hearing, a new Order of Deportation was issued on September 24, 2002. A timely appeal of that Order was made to the Board of Immigration Appeals. That Appeal was denied on October 27, 2003. The Order is final.

1

## JURISDICTION

3. This case arises under the United States Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq. This Court has jurisdiction pursuant to Article I, Cl. 2 of the U.S. Constitution ("Suspension Clause"), 28 U.S.C. § 1361 (mandamus jurisdiction) and the Common Law. See e.g. Goncalves v. Reno, 144 F. 3rd 110 (1st Cir. 1998) cert denied, 119 S. Ct. 1140 (1999). In addition, this Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

4. Venue lies with this Court because Mr. Barros resides in this District, is in constructive custody in this District, and the current Order of Deportation was first entered in this District. 28 U.S.C. § 2241 et seq.

## PARTIES

5. The Petitioner, Casimiro Arminio Barros, is a Citizen of Portugal; and a lawful permanent resident of the United States. He resides in Brockton, Plymouth County, Massachusetts.

6. The Respondent, John Ashcroft, is the Attorney general of the United States and, in that official capacity, pursuant to the Immigration and Nationality Act, is responsible for the administration and enforcement of the immigration laws, and is the legal, constructive custodian of the Petitioner. He is named herein in his official capacity, only. His usual place of business is at: Department of Justice, Washington, D.C. 20530. His local representative is: Michael J. Sullivan, United States Attorney; 1 Courthouse Way, John Joseph Moakley Courthouse, Boston, MA 02210.

7. The Respondent, Denis Riordan, is the Regional Director of the Department of Homeland Security, U.S. Citizenship and Immigration Services, and Immigration and Customs Enforcement. The Department of Homeland Security is empowered by statute and regulations to carry out orders of removal and deportation. Mr. Riordan is named in his official capacity only. His usual place of

2

business is at: J.F.K. Federal Building, 15 New Sudbury Street, Boston, Massachusetts, 02203. His Regional Counsel is located at: J.F.K. Federal Building, 15 New Sudbury Street, Room 425 Boston, Massachusetts, 02203.

## FACTS

8. The Petitioner, Casimiro Arminio Barros, is a lawful permanent resident of the United States. He is a Citizen of Portugal. He entered the United States from Cape Verde (Portugal) on or about July 5, 1975 as a permanent resident alien. He has continuously resided in the United States since his entry. He currently resides in Brockton, Massachusetts.

9. Mr. Barros is currently released from custody on conditions of bond, awaiting deportation from the United States.

10. He plead guilty, on March 14, 1995, to trafficking in cocaine.

11. This drug offense, underlying the deportation proceedings, was committed on August 16, 1989.

12. Mr. Barros was issued an Order to Show Cause by the Immigration and Naturalization Service on July 6, 1995, citing the above-mentioned drug conviction as grounds for his deportation, pursuant to then Section 241 (a) (2) (B) (I) and Section 241 (a) (2) (A) (iii) of the Immigration and Nationality Act. (Petitioner's Exhibit 1).

13. The Petitioner was served with a copy of the Order to Show Cause on December 19, 1995.

14. The Order to Show Cause was filed with the Immigration Court on April 5, 1996. (Petitioner's Exhibit 2).

15. The Petitioner appeared initially before the Immigration Court on January 15, 1997; and the matter was continued to give Mr. Barros an opportunity to find and consult with counsel.

16. On March 4, 1997, Mr. Barros appeared again before the Immigration Court and filed responsive pleadings to the allegations contained n the Order to Show Cause. Within those pleadings, Mr. Barros admitted deportability and sought relief pursuant to section 212 (c) [8 U.S.C. § 1182 (c)].(Petitioner's Exhibit 3).

17. According to the Immigration Court, by directive of the then Attorney General, effective April 24, 1996, Mr. Barros became statutorily ineligible for the relief sought, pursuant to the Antiterrorism and Effective Death Penalty Act. of 1996, Pub. L. No. 104-132, 110 Stat. 12 14 ("AEDPA"), section 440 (d). Mr. Barros was specifically refused the opportunity to file an application for relief pursuant to said section 212 (c).

18. Mr. Barros argued that the denial of an opportunity to seek relief, pursuant to section 212 (c) of the Immigration and Naturalization Act, with regard to his circumstances, in light of the dates set forth above, was an improper and unconstitutional retroactive application of the AEDPA

19. On March 4, 1997, the Immigration Court ordered that Casimiro Arminio Barros be deported to Portugal. (Petitioner's Exhibit 4).

20. A timely appeal of the decision ordering his deportation was made to the Board of Immigration Appeals on March 31, 1997. (Petitioner's Exhibit 5).

21. The Board of Immigration Appeals issued its decision, October 10, 1997, dismissing his appeal, and upholding the Order of Deportation, based upon the Attorney General's ruling with regard to the retroactive application of AEDPA.

22. The Petitioner subsequently filed a Petition for Writ of Habeas Corpus, attacking the retroactive application of AEDPA, as it pertained to him.

23. Upon the Supreme Court's determination, in I.N.S. v. St. Cyr, 533 U.S. 289 (2001) that the Attorney General's position as to retroactivity with regard to those, who, like Mr. Barros, changed their pleas to guilty prior to the effective date of AEDPA, the Department and the Respondent agreed to dismiss the Habeas Corpus petition, and reopen his deportation proceedings, so that he could proceed with his request for "212 (c)" relief.

24. In the reopened proceedings, the Department alleged that, at the time of those proceedings, the Petitioner was now ineligible for section 212(c) relief, because he had now served more than five years of incarceration with regard to one or more aggravated felonies.

25. The Immigration Court accepted the position of the Department. An Oral Decision was issued on September 24, 2002, ordering that the Petitioner was not eligible for relief, pursuant to former section 212(c) of the INA; and ordering his deportation. (Petitioner's Exhibit 6).

26. A Notice of Appeal was timely filed to the Board of Immigration Appeals, dated October 22, 2002. (Petitioner's Exhibit 7).

27. The Board of Immigration Appeals issued a decision, dismissing the Petitioner's Appeal, on October 27, 2003. (Petitioner's Exhibit 8).

28. The Board of Immigration Appeals, in denying the Petitioner the opportunity to seek relief, pursuant to section 212 (c) of the Immigration and Naturalization act, acted improperly in denying his appeal, and affirming his ineligibility for relief pursuant to the former section 212(c) of the INA.

29. The Board of Immigration Appeals, in denying the Petitioner the opportunity to seek relief, pursuant to section 212 (c) of the Immigration and Naturalization Act, denied Mr. Barros due process and equal protection under the laws of the United States, as guaranteed by the Constitution of the United States.

30. Petitioner will lose any opportunity to contest the legality of Respondent's actions unless the Respondent is restrained from carrying out the Order of Deportation. If the Respondent removes the Petitioner from the United States, Respondent will be insulated from any responsibility for the acts that Petitioner herein alleges to be unlawful and unconstitutional.

## EXHAUSTION

31. Mr. Barros has exhausted his administrative remedies by his appeal to the BIA. 8 C.F.R. §§ 3.1, 240.15 (1999).

32. No prior petition for writ of habeas corpus relative to this current Order of Deportation has been filed.

33. Mr. Barros is in constructive custody, for purposes of habeas corpus relief.

## STATUTORY CONTEXT

34. Prior to the enactment of the AEDPA and IRIRA, INA § 212 (c), 8 U.S.C. § 1182 (c), provided that aliens who were lawful permanent residents and who had a lawful unrelinquished domicile in the United States of 7 years, could apply for waiver of the certain grounds of exclusion and deportation. See Matter of Silva, 16 I&N Dec. 26 (BIA 1976) (holding that § 212 (c) relief is applicable in both exclusion and deportation proceedings).

35.  On March 14, 1995, the day Mr. Barrios plead guilty to the crime which triggered the deportation proceedings, he was eligible to apply for relief from deportation pursuant to former INA § 212 (c), 8 U.S.C. § 1182 (c).

36.  On March 4, 1997, when, by decision of the Immigration Judge, the Petitioner was refused the opportunity to seek section 212(c) relief, and was ordered deported, he was, in fact eligible for 212(c) relief, pursuant to I.N.S. v. St. Cyr, supra.

37.  On March 4, 1997, the Petitioner had not yet served five years or more, in prison, for one or more aggravated felonies.

38.  The opportunity to apply for discretionary relief, pursuant to the former INA section 212(c), 8 U.S.C. section 1182 (c), was denied to those who had served five years or more, in prison, for one or more aggravated felonies.

## COUNT 1

### Violation of Due Process of Law

39.  The allegations contained in paragraphs 1-38 above are repeated and re-alleged as though fully set forth herein.

40.  The initiation of administrative proceedings to terminate the privilege of residency of a non-citizen is solely within the jurisdiction of the Respondents.

41.  If in proceedings originally initiated against Mr. Barros, the Respondents had properly interpreted the law, the petitioner would have been afforded the right to apply for relief pursuant to INA 212 (c), as he was otherwise statutorily eligible.

42.  Petitioner's statutory right to apply for relief pursuant to § 212 (c) should not be affected by the Respondents' failure to properly interpret AEDPA as it applied to this petitioner.

43.  In the context of this case, Respondents' failure to look back to Petitioner's original eligibility, at the time that he was first before the Immigration Court, violates the constitutional guarantee of Due Process of Law.

## COUNT 2

### Equitable Tolling

44.  The allegations contained in Paragraphs 1-43 above are repeated and,

realleged as though fully set forth herein.

45. Based upon the theory of Equitable tolling, Petitioner's eligibility for relief pursuant to INA, Section 212 (c), with regard to the five years incarceration time bar to eligibility, should be determined as of March 4, 1997, when, but for the Respondents' incorrect interpretation of the law, Petitioner would have been otherwise eligible to proceed with his request for discretionary relief.

## COUNT 3
### Equitable Estoppel

46. The allegations contained in Paragraphs 1-45 above are repeated and realleged as though fully set forth herein.

47. Based upon the theory of Equitable Estoppel, Petitioner's eligibility for relief pursuant to INA, Section 212 (c), with regard to the five year incarceration time bar to eligibility, should be determined as of March 4, 1997, when, but for the Respondents' incorrect interpretation of the law, Petitioner would have been otherwise eligible to proceed with his request for discretionary relief.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that this Court:

(a) Assume jurisdiction over this matter;

(b) Order a Stay of Deportation pending resolution of this Petition;

(c) Declare that the Order of Deportation entered against Mr. Barros is contrary to law based on the Respondents' misapplication of the effective temporal reach of AEDPA § 440 (d) and IIRIRA § 304 (b); as well as based upon denial of due process and equal protection grounds;

7

(d)  Issue a Writ of Habeas Corpus directing Respondents to vacate the Order of Deportation, as contrary to law and remand the matter to the BIA for further proceedings; and

(e)  Grant such other relief as the Court deems just and proper.

Dated: October 26, 2004

Respectfully submitted,
CASIMIRO ARMINIO BARROS
By his attorney,

_____
Mark M. Freeman, Esq. BBO#179080
4 Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

## VERIFICATION

I Mark M. Freeman, declare that the allegations made in the above petition/Complaint are true and accurate to the best of my knowledge and belief.

_____
Mark M. Freeman

## CERTIFICATE OF SERVICE

I, Mark M. Freeman, certify that I delivered by First Class mail, postage prepaid, a true copy of the within Petition for Writ of Habeas Corpus Verified Complaint for Declaratory Relief, and for Stay of Removal, Room 425, John F. Kennedy Federal Building, Boston, MA, 02203; and the Office of the United States Attorney, One Courthouse Way, Suite 9200, John Joseph Moakley Courthouse, Boston, MA, 02210, on October 26, 2004.

_____
Mark M. Freeman, Esq.