U.S. Department of Justice
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)

**United States of America:**
(Estados Unidos de América:)

File No. __A 35113649__
(No. de registro)

Dated __July 6, 1995__
(Fechada)

In the matter of         BARROS, Casimiro Arminio    Inmate #: W58262    PED: 07/24/99        (Respondent)
(En el asunto de)                                                                             (Demandado)

Address                  c/o MCI Concord
(Dirección)
                         P.O. Box 00, Elm Street

Telephone No. (Area Code) Concord, MA 01740
(No. de teléfono y código de área)

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos;

2) You are a native of __Cape Verde__ and a citizen of __Cape Verde__
   (Ud. es nativo de)                                   (y ciudadano de)

3) You entered the United States at or near __Boston, Massachusetts__ on or about __July 5, 1975__
   (Ud. entró a los Estados Unidos en o cerca de)              (el día o hacia esa fecha)

4) At that time you entered as immigrant;
   (En ese momento, Ud. entró como inmigrante)

5) You were, on March 14, 1995, convicted in the Norfolk Superior Court Dedham, Massachusetts for the offense of TRAFFICKING IN COCAINE, in violation of Massachusetts General Laws 94C.
   (Ud. resultó convicto el dia 14 de Marzo de 1995, en el Tribunal Norfolk Superior Dedham, Massachusetts por el delito de TRAFICANDO EN COCAINA en violación de Leyes General de Massachusetts Capitulo 94C.)

Form I-221 (Rev. 6/12/92) N

Pet. Ex. 1

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Dated _July 6, 1995_
*(Fechada)*

**Respondent** _BARROS, Casimiro Arminio_
*(Demandado)*

File No. **A** _35113649_
*(No. de registro)*

   **AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
   *(Y según alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241(a) (2) (B) (i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

(Sección 241(a) (2) (B) (i) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que, en algún momento después de su entrada, Ud. ha resultado convicto de una violación de (o una conspiración o intento de violación) de alguna ley o reglamentación de un Estado, de los Estados Unidos, o de un país extranjero referente a una sustancia controlada (según se define en la sección 102 de la Ley de Sustancias Controladas, 21 U.S.C. 802), con excepción de un delito sencillo en relación a la posesión de 30 gramos o menos de marihuana para uso personal.)

Section 241(a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in section 101(a) (43) of the Act.

(Sección 241(a) (2) (A) (iii) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que, en algún momento después de su entrada, Ud. ha resultado convicto de una felonía agravada, según se define en la sección 101(a) (43) de la INA.)

   **WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
   *(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

   Address _La oficina del juez de inmigracion enviara un aviso a la direccion facilitada por el demandado con_
   *(Dirección)*
       On _la fecha de la audiencia. To be calendard and notice sent by EOIR._      At _____ .m.
   *(Fecha)*                                                                          *(Hora)*

and show cause why you should not be deported from the United States on the charge(s) set forth above.
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente)*

Dated _July 6, 1995_                              Signature of Issuing Officer _[signature]_
*(Fechada)*                                       *(Firma del funcionario que la expide)*

City and State of Issuance _Boston, Massachusetts_         Title of Issuing Officer _Assistant District Director for INV_
*(Ciudad y Estados donde se expide)*                       *(Titulo del funcionario que la expide)*

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephon number in writing to this office:

Esta Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

## The Office of the Immigration

JFK Federal Building

Government Center

Boston, MA 02203

---

### Certificate of Translation and Oral Notice

This Order to Show Cause [X] was  [ ] was not  read to the named alien in the _English_ language, which is his/her native language or a language which he/she understands.

Date _____  Signature _____  Printed Name and Title of Translator _____

Address of Translator (if other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| [X] Personal Service to Alien<br>[ ] Certified Mail - Return Receipt Requested<br>    [ ] Alien<br>    [ ] Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at _MCI Concord_ on _12/19/95_ 19___
at _____ a.m./p.m.

Officer's Signature: _Elbert P. Poleet_    Printed Name: _E. Poleet_ ~~Alexander Puopolo~~   Title: Special Agent/BOS   Office

X _Casimiro Barros_
Alien's Signature (acknowledgement/receipt of this form)
(Firma de extranjero/acuse de recibo)

---

**Request for Prompt Hearing and Waiver of 14-Day Minimum Period**
*(Solicitud de audiencia inmediata y renuncia alplazo minimo de 14 días)*

To expediate determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)*

Signature _____  Date _____
*(Firma de demandado)*  *(Fecha)*

Form I-221 (Rev. 6/12/92) N    Page 5

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)

**United States of America:**
(Estados Unidos de América:)

File No. __A 35113649__
(No. de registro)

Dated __July 6, 1995__
(Fechada)

In the matter of          BARROS, Casimiro Arminio    Inmate #: W58262    PED: 07/24/99          (Respondent)
(En el asunto de)                                                                                (Demandado)
Address                   c/o MCI Concord
(Dirección)
                          P.O. Box 00, Elm Street

Telephone No. (Area Code) Concord, MA 01740
(No. de teléfono y código de área)

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos;)

2) You are a native of __Cape Verde__ and a citizen of __Cape Verde__
   (Ud. es nativo de)                              (y ciudadano de)

3) You entered the United States at or near __Boston, Massachusetts__ on or about __July 5, 1975__
   (Ud. entró a los Estados Unidos en o cerca de)                    (el día o hacia esa fecha)

4) At that time you entered as immigrant;
   (En ese momento, Ud. entró como inmigrante)

5) You were, on March 14, 1995, convicted in the Norfolk Superior Court Dedham, Massachusetts for the offense of TRAFFICKING IN COCAINE, in violation of Massachusetts General Laws 94C.
   (Ud. resultó convicto el día 14 de Marzo de 1995, en el Tribunal Norfolk Superior Dedham, Massachusetts por el delito de TRAFICANDO EN COCAINA en violación de Leyes General de Massachusetts Capitulo 94C.)

X 1/15/97

Form I-221 (Rev. 6/12/92) N

Pet. Ex 2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS

File: A 35-113-699            Date: March 4, 1997

In the Matter of           )
                           )
Casamiro A. BARROS         )   IN DEPORTATION PROCEEDINGS
                           )
Respondent                 )
                           )

RESPONDENT'S PLEADING

Instructions: Please cross out the word that does not apply in the parenthesis for items 1, 3, 5-7, 9, 9a and 10. Please check the appropriate line, and/or fill in the blank, for items 8, 8a, 10, 11, 14 and 15.

Respondent, through Counsel,

1. (Concedes / ~~Denies~~) proper service of the Order to Show Cause and (agrees / does not agree) to its admission into the record as Exhibit 1.

2. Understands and agrees that this Pleading will be admitted into the Record of Proceedings as an Exhibit.

3. (Acknowledges / ~~Denies~~) proper receipt of the list of legal service organizations available in the community and of the INS Form I-618, Notice of Appeal Rights.

4. Acknowledges that Respondent's present address is as listed in the Notice of Entry of Appearance submitted by Respondent's present Counsel.

5. (Concedes / ~~Denies~~) that Respondent is the person named as the Respondent in the Order to Show Cause.

6. (Concedes / ~~Denies~~) that Respondent had been advised by Counsel of the nature and purpose of these deportation proceedings and of Respondent's right herein and that Respondent understands such advice.

7. (Waives / ~~Declines to waive~~) a formal reading and explanation of the charges in the Order to Show Cause.

8. Admits factual allegations # 1 through 4 in the Order to Show Cause;
   OR
   Denies factual allegations # 5 through ___ in the Order to Show Cause.

Pet. Ex 3

8a. Admits factual allegations #_____ through _____ in Form I-261;

                                                OR

Denies factual allegations #_____ through _____ in Form I-261.

9. (~~Concedes~~ / Denies) deportability as charged in the Order to Show Cause.

9a. (Concedes / Denies) deportability as charged in Form I-261, Additional Charges of Deportability.

10. (Designates / Refuses to Designate) __Cape Verde__ as the country for deportation purposes if necessary.

11. Seeks the opportunity to apply for the following relief from deportation:

    __X__ Termination of Proceedings
    ____ Asylum
    ____ Withholding of Deportation
    ____ Suspension of Deportation
    ____ Registry
    ____ Adjustment of Status
    __X__ Waiver of grounds of deportability or excludability pursuant to Section __212(c)__ of the Immigration and Nationality Act.
    ____ Voluntary Departure for a Period of ____days/months
    ____ Other (Specify)_____
    ____ None

12. Understands that Respondent will have, unless otherwise ordered by the Court, thirty (30) days from the date hereof to file all written applications for relief.

13. Understands that the failure to timely file written applications for relief (along with evidence of the payment of the filing fee, when required) will result in a determination by the Court that such applications for relief are abandoned by Respondent.

14. The estimated time to present the evidence on relief applications will take ___8___ hours.

15. _____ Requests the Court to order an interpreter proficient in the _____ language for the Individual Calendar Hearing;
                              OR
__X__ Respondent speaks the English language and does not require the services of an interpreter.

                                                                     _/s/_____
                                                                   Attorney for Respondent

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Bridgewater, Massachusetts

File No.:   A 35 113 649                                March 4, 1997

In the Matter of                    )
                                    )
CASIMIRO ARMINIO BARROS,            )
a.k.a. CASIMIRO ARMINIO             )   IN DEPORTATION PROCEEDINGS
DA SILVA BARROS,                    )
                                    )
           Respondent               )

CHARGES:        Section 241(a)(2)(B)(i) of the Immigration &
                Nationality Act, convicted of a violation of a
                controlled substances law; and,

                Section 241(a)(2)(A)(iii) of the Immigration &
                Nationality Act, convicted of an aggravated
                felony.

APPLICATION:    Waiver of inadmissibility pursuant to Section
                212(c) of the Immigration & Nationality Act,
                pretermitted pursuant to AEDPA.

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

Mark M. Freeman, Esquire            Richard Buyniski, Esquire
171 Mill Street, Suite 400          Assistant District Counsel
Boston, Massachusetts  02109        JFK Federal Building
                                    Boston, Massachusetts  02203

ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent herein is an adult male, native and citizen of Cape Verde. Deportation proceedings were instituted against him when the Immigration & Naturalization Service issued an Order to Show Cause on July 6th, 1995, served it upon the respondent on December 19th, 1995, and filed it with the Immigration Court at Boston on April 5th, 1996. Exhibit 1. By way of this document, the Service contends that the respondent is

Pet. Ex. 4

jd

deportable on the two charges stated above.

The respondent, through counsel, has submitted pleadings. Exhibit 2. In the pleadings, the respondent admits factual allegations 1 through 4 in the Order to Show Cause, and denies factual allegation 5 as well as the two charges of deportability as charged in the Order to Show Cause.

The Immigration Service submitted evidence on the issue of deportability. The first document offered by the Immigration Service is a face sheet of an immigrant visa and alien registration in the name of Casimiro Arminio Da Silva Barros. Exhibit 3. This document was received without objection. I note that the ID number is the same as that of the instant "A" number except for the first digit. That first digit was supplied later, according to the practice in 1975. The document shows the photograph of a young boy. The last name is Barros and his first name, as well, written on the side of the photograph. The document shows that the person entered the United States as a lawful, permanent resident on July 5th, 1975; that the country of birth is Cape Verde and that the nationality is Portuguese. It is my understanding that sometime around 1975 Cape Verde achieved its independence from Portugal; the former colonial state.

The Immigration Service also submitted a conviction record in the name of Casimiro Barros. This is Docket #89924 in the Norfolk Superior Court at Dedham, Massachusetts. The original indictment shows trafficking in cocaine in an amount 200

A 35 113 649                             2                    March 4, 1997

jd

grams or more under Section 32E(b)(4). The indictment was amended to Section 32E(b)(2) which, to my knowledge, is the amount in that section is between 28 to 100 grams, but the offense is still trafficking in cocaine, however. The document does show a plea of guilty on March 14th, 1995 to the amended indictment. The respondent received a sentence of seven-to-nine years on that offense. I find this document relates to the respondent. I do have a certified document. The document was objected to by respondent's counsel. The issue of certification is not an issue. The issue appeared to be one as to whether or not the immigration warnings under Massachusetts General Laws, Chapter 278, Section 29D had been given. This would be a matter for post-conviction relief and does not effect the validity of the conviction record that I have before me. It is true that a judge may vacate and is required to vacate a plea of guilty if the immigration warnings were not given under that section, but as of today that is merely speculative. The respondent also did not seek to object to its admission because the plea was made prior to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The plea was clearly in 1995, <u>prior to the AEDPA and made at a time when 212(c) relief was still available to a respondent who had seven years or more as a lawful, permanent resident and who had not served five years or more on an aggravated felony.</u>

    I note that the respondent received 238 days credit for

A 35 113 649                    3                    March 4, 1997

jd

time served and that it appears that as of today's date, he has not yet served five years or more on an aggravated felony. It does appear that the original offense goes back to August 16th of 1989. The first entry shows a failure to show 6/25 of either 1990 or 1991. It appears that the indictment was returned on June 13th, 1990 and I believe that the first entry is a 1990 date. It appears that there may be another failure to appear in 1992.

Based on the evidence of record, and the admissions of the respondent to allegations 1 through 4 of the Order to Show Cause, I find that deportability has been sustained by evidence that is clear, convincing and unequivocal. Woodby v. INS, 285 U.S. 276 (1966). I note also that the Service's evidence proves deportability independent of the respondent's admissions to allegations 1 through 4 in the Order to Show Cause.

The respondent designated Cape Verde as the country for deportation purposes in his pleadings. The Court will name, in the alternative, Portugal in that it is uncertain whether the respondent retains Portuguese nationality after the independence of Cape Verde.

The respondent seeks termination of proceedings and relief under Section 212(c) of the Act, waiver of inadmissibility. The proceedings will not be terminated. There is no basis at this point. If the respondent is successful in any future post-conviction relief in vacating his plea, he, of

A 35 113 649                             4                        March 4, 1997

jd

course, will be entitled to a motion to reopen to challenge the finding of deportability if the underlying basis has been vacated. That is speculative at this point.

The respondent seeks a waiver under Section 212(c) of the Act. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) eliminated 212(c) relief for persons who have been convicted of and are deportable under an aggravated felony provision and/or a violation of a controlled substance law. The respondent has been convicted and found deportable under both of these charges.

I would note also that the most recent legislation, IIRIRA, signed into law on September 30th, 1996, has a provision which will become effective April 1st, 1997. That provision will eliminate 212(c) relief altogether. The new form of relief appears to be a combination of some sort of the suspension of deportation and 212(c) relief. However, there are many differences and I would note this is a new form of relief called cancellation of removal proceedings. <u>I would note that at this point, the respondent is in deportation proceedings.</u> The respondent would be ineligible for cancellation of removal proceedings because he has been convicted of an aggravated felony. I note, however, the respondent's request for 212(c) relief is made while 212(c) relief is still a part of the statute; however, certainly AEDPA would eliminate 212(c) relief eligibility for persons who have been convicted of the offenses



A 35 113 649                              5                         March 4, 1997

jd

that the respondent has been found to be convicted of.

The President of the United States, when he signed the Anti-Terrorism and Effective Death Penalty Act, indicated in his remarks given on April 24th, 1996 at 3:05 p.m. that he disfavored the elimination of rehabilitative relief for persons who had been long-time permanent residents of the United States. I note that the respondent came to the United States as a lawful, permanent resident as a young boy in 1975, some 21 years ago. It will be 22 years ago this July. Certainly, these are remarks pertinent to the instant case. The President, given his hesitation, nonetheless, signed the bill into law.

The Attorney General of the United States has recently decided Matter of Soriano on February 21st, 1997. I would note that this instant case is not a "Soriano" case as that case was decided. That case addressed those persons who had applications for 212(c) relief filed on or before April 24th, 1996. In this case, the respondent has requested an individual hearing and requested that he be allowed to file an application for 212(c) relief. That request is denied and the application for 212(c) relief is pretermitted under AEDPA.

Respondent urges the following reasons as to why his client should be entitled to proceed and be granted 212(c) relief. The respondent argues Landgraf v. U.S.I. Film Products in that the settled expectations of this respondent have been disturbed by the new law, AEDPA. Respondent indicated that when

A 35 113 649                             6                         March 4, 1997

jd

he plead guilty, he was still eligible for 212(c) relief and he had every expectation that he would be able to apply for that relief. The respondent also argues that it was the Service's delay in both serving the Order to Show Cause after it had issued and in filing it with the Immigration Court at Boston that caused him not to have his hearing prior to the signing of AEDPA. Of course, none of us has a crystal ball and could not have foreseen that the President would sign AEDPA on April 24th, 1996.

Respondent also makes the equal protection argument that those persons who are in exclusion proceedings are eligible for 212(c) relief while those in deportation proceedings, or otherwise similarly situated, are not eligible for 212(c) relief.

The Service argues that the AEDPA is controlling. It should be applied to this case.

I am bound by the Attorney General's decision in <u>Matter of Soriano</u>. I shall, therefore, pretermit the respondent's application for 212(c) relief.

As to the essentially equitable estoppel argument that the respondent makes concerning the delay that the respondent suffered at the hands of the prosecuting agency, the Immigration & Naturalization Service, I would note that there was a class action suit in the Ninth Circuit; the <u>Soler</u> cases. In those cases, incarcerated aliens argued that the Service's delay was causing them to serve five years or more on an aggravated felony and they were requesting that their cases be heard earlier for

A 35 113 649                              7                          March 4, 1997

jd

212(c) relief. The Ninth Circuit found that there was no right that the aliens had to insist that their cases be heard earlier. The scheduling of the cases; indeed, the filing of the charging documents are solely within the prerogative of the prosecuting agency in this case, Immigration & Naturalization Service. I note that we are not bound by the Ninth Circuit; however, I believe that the arguments made are sound in that case.

As to the equal protection argument, I find that it is an excellent argument; however, I cannot entertain the constitutional issues in these administrative proceedings. They can simply be preserved for appeal to any higher court should a higher court grant leave to litigate these issues in the higher court. I would note under <u>Kolster v. INS</u>, a First Circuit case in December of 1996, there is limited jurisdiction to contest these issues. However, where they are significant matters of law and/or constitutional issues, it may be possible to go through a federal court through a habeas action and raise them. I would note that the dicta in <u>Kolster v. INS</u> is not favorable to the respondent. <u>Kolster</u> indicates that 212(c) relief is merely a matter of discretionary relief and does not essentially constitute substantive rights under the <u>Landgraf</u> decision. I note that this in dicta. It was not made terribly explicit, but that is my reading on <u>Kolster</u>. I must pretermit the application for 212(c) relief.



The respondent is ineligible for other forms of relief

A 35 113 649                               8                        March 4, 1997

jd

because of his conviction. The respondent has served 180 days or more in the prison so he's ineligible for voluntary departure. The respondent is ineligible for suspension of deportation. He is also ineligible for asylum and withholding of deportation because he has been convicted of a drug offense and even if he had a visa petition immediately available to him which was approved, he would unable to adjust his status because there is no waiver available for a controlled substances violation. I note also that the respondent has been convicted of an aggravated felony, and therefore, he is also ineligible for voluntary departure and suspension of deportation on that basis as well. He cannot meet the requirements for good moral character under 101(f) of the Act.

### ORDER

IT IS ORDERED that the respondent's application for 212(c) relief be, and the same is, pretermitted.

IT IS FURTHER ORDERED that the respondent be deported to Cape Verde on the two charges in the Order to Show Cause.

IT IS FURTHER ORDERED that should Cape Verde refuse to accept the respondent into its borders, Portugal is named as the country for deportation in the alternative.

PATRICIA SHEPPARD
United States Immigration Judge

A 35 113 649                             9                      March 4, 1997

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE PATRICIA SHEPPARD, in the matter of:

CASIMIRO ARMINIO BARROS

A 35 113 649

Bridgewater, Massachusetts

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_Judith A. Downey, Transcriber_

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344

May 13, 1997
(Completion Date)

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203

In the Matter of:                          Case No.: A75-113-949

*S-MARROS, CASIMIRO ANTONIO                Docket: MASSACHUSETTS DEPARTMENT OF CORRECTIONS

RESPONDENT                                 IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 4, 1997.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

(✓) The respondent was ordered deported to _____
( ) Respondent's application for voluntary departure was denied and
    respondent was ordered deported to _____

( ) Respondent's application for voluntary departure was granted until
    _____, with an alternate order of deportation
    to _____                                         or

( ) Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn ( )other.
( ) Respondent's application for withholding of deportation was
    ( )granted ( )denied ( )withdrawn ( )other.
( ) Respondent's application for suspension of deportation was
    ( )granted ( )denied ( )withdrawn ( )other.
(✓) Respondent's application for waiver under Section _____ of
    the Immigration and Nationality Act was ( )granted ( )denied
    ( )withdrawn (✓)other. _____
( ) Respondent's application for _____ was
    ( )granted ( )denied ( )withdrawn ( )other.
( ) Proceedings were terminated.
( ) The application for adjustment of status under Section (216) (216A)
    (245) (249) was ( )granted ( )denied ( )withdrawn ( )other.
    If granted, it was ordered that the respondent be issued all
    appropriate documents necessary to give effect to this order.
( ) Respondent's status was rescinded under Section 246.

(✓) Other _____

(✓) Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

                                        _____
                                        PATRICK GIORDANO
                                        Immigration Judge
                                        Date: Mar 4, 1997

Appeal: Waived (3/4/97)

Resp. Ex 5

ALIEN NUMBER: [illegible]

## LIMITATION ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(  ) 1. You have been scheduled for a deportation hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years after the date of entry of the final order of deportation.

(  ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years from the date of your scheduled hearing.

(  ) 3. You have been granted voluntary departure from the United States pursuant to section 244(e)(1) of the Immigration and Nationality Act. Remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years from the date of scheduled departure or the date of unlawful reentry, respectively.

(✓) 4. A final order of deportation has been entered against you. If you fail to appear for deportation at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years after the date you are scheduled to appear.

   ** The term "Exceptional circumstances" refers to exceptional circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM DEPORTATION FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 242(b) of the Immigration and Nationality Act;
   2) Suspension of deportation or voluntary departure as provided for in section 244(e) of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English and in Spanish. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.

Date: Mar 4, 1997

Immigration Judge: _____
       or
Clerk of the Court: _____

**U.S. Department of Justice**  
Executive Office for Immigration Review  
*Board of Immigration Appeals*

OMB #1105-0065  
**Notice of Appeal to the Board of Immigration**  
**Appeals of Decision of Immigration Judge**

1. List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

   A35-113-649

   Casamiro Arminio Barros

   **! WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and "A" Numbers of everyone appealing the order must be written in Item #1.

   For Official Use Only

2. Applicant/Respondent is currently  ☐ DETAINED   ☒ NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated ___3/4/97___.

4. **State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

   **! WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

   ```
   The respondent appeals the denial of his request for an individual hearing
   pursuant to AEDPA with regard to his request for 212(C) relief from deportation.

   The respondent committed a drug offense:    8/16/89

   Date of Conviction:                3/14/95
   Date of OSC:                       7/6/95
   Date of Service:                   12/19/95
   Date OSC filed:                    4/5/96
   Date of Master Calander hearing:        1/15/97
   Date of Further Master Calender hearing:   3/4/97

   The respondent asserts that denial of opportunity to be heard with regard to
   212(C) relief is a denial of equal protection clause of the Constitution (Relief
   available in exclusion proceedings); and is improper retroactive application
   of AEDPA, under the circumstances.

   See:   Matter of Soriano, Int. Dec. 3289 (BIA 1996);
          Landgraf v. USI Film Products, 511 US 244, 114 S. Ct. 1483 (1994)
   ```

   (Attach more sheets if necessary)

(Form continues on back)  
Form EOIR - 26  
Revised April 1996

Ref. Ex 6

5. I [ ] desire oral argument before the Board of Immigration Appeals.
   [x] do not

6. I [x] will    file a separate written brief or statement in addition to the "Reason(s) for
     [ ] will not    Appeal" written above or accompanying this form.

> **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

SIGN HERE → 7. X _____[signature]_____    3/31/97
                  Signature of Person Appealing              Date
                  (or attorney or representative)

8. **Mailing Address of Applicant(s)/Respondent(s)**
   Casamiro Barros
   (Name)
   20 Administration Road
   (Street Address)
   Cadre Unit #2
   (Apartment or Room Number)
   Bridgewater, MA  02324
   (City, State, Zip Code)

9. **Mailing Address of Attorney or Representative**
   Mark M. Freeman
   (Name)
   171 Milk Street, Suite
   (Street Address)
   Suite 400
   (Suite or Room Number)
   Boston, MA  02109
   (City, State, Zip Code)

> **WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
(Must Be Completed)

10. I __Mark M. Freeman__ mailed or delivered a copy of this notice of appeal
       (Name)
    on __March 31, 1997__ to __Office of the trial attorney__
       (Date)                  (Opposing Party)
    at __I.N.S., J.F.K., Federal Building, Bostn, MA 02203__
       (Address of Opposing Party)

SIGN HERE → X _____[signature]_____
              Signature of Person Appealing
              (or attorney or representative)

### Have You?

- ☐ Read all of the General Instructions
- ☐ Provided all of the requested information
- ☐ Completed this form in English
- ☐ Provided a certified English translation for all non-English attachments
- ☐ Signed the form
- ☐ Served a copy of this form and all attachments on the opposing party
- ☐ Completed and signed the Certificate of Service
- ☐ Attached the required fee or fee waiver request