Falls Church, Virginia 22041

=========================================================================

File:   A35 113 649 - Bridgewater, Massachusetts          Date:

In re:  CASIMIRO ARMINIO BARROS                           OCT 10 1997

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:       Mark M. Freeman, Esquire
                               171 Milk Street, Suite 400
                               Boston, Massachusetts 02109

CHARGE:

    Order: Sec. 241(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(iii)] -
           Convicted of aggravated felony

           Sec. 241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
           Convicted of controlled substance violation

APPLICATION: Waiver of inadmissibility under section 212(c)


ORDER:

    PER CURIAM. The respondent sought relief from deportation under section 212(c) of the
Immigration and Nationality Act, 8 U.S.C. § 1182(c). However, he is statutorily ineligible for
such relief as an "alien who is deportable by reason of having committed any criminal offense
covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section
241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their
commission, otherwise covered by section 241(a)(2)(A)(i)." See Antiterrorism and Effective
Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter
of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997).

    The respondent also argues on appeal that AEDPA violates the equal protection clause of the
Constitution because the new 212(c) provisions apply only in deportation proceedings and not
in exclusion proceedings. We cannot rule on the constitutionality of laws enacted by Congress.
See, e.g., Matter of Feuntes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N
Dec. 529 (BIA 1992).

Pet. Ex 7.

Accordingly, the appeal is dismissed.

*Mary Maxine Dunne*

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Boston, Massachusetts

File No.:  A 35 113 649                        September 24, 2002

In the Matter of                    )
                                    )
CASIMIRO ARMINIO BARROS             )      IN DEPORTATION PROCEEDINGS
a/k/a                               )
CASIMIRO ARMINIO DA SILVA BARROS )
                                    )
                                    )
            Respondent              )

CHARGES:        Section 241(a)(2)(B)(i) of the Immigration and
                Nationality Act, at any time after entry,
                convicted of a violation of, for a conspiracy or
                attempt to violate any law or regulation of a
                state, the United States, or a foreign country,
                relating to a controlled substance, as defined in
                Section 102 of the Controlled Substance Act, 21
                U.S.C. 802, other than a single offense involving
                possession for one's own use of 30 grams or less
                of marijuana;

                Section 241(a)(2)(A)(iii) of the Immigration and
                Nationality Act, at any time after entry,
                convicted of an aggravated felony as defined in
                Section 101(a)(43) of the Act.


APPLICATIONS:   Waiver of inadmissibility pursuant to Section
                212(c) of the Act.


ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Mark M. Freeman                   Bernard Menendez
4 Longfellow Place, Suite 3506
Boston, Massachusetts 02114


<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

     The respondent herein is an adult male, native and citizen

of Cape Verde.  Deportation proceedings were instigated against

1

Ref. Ex 8

him when the Immigration and Naturalization Service issued an
Order to Show Cause on July 6, 1995, served it upon the
respondent in person on December 19, 1995 while he was
incarcerated at MCI Concord, and filed it with the Immigration
Court at Boston, Massachusetts on April 5, 1996.  Exhibit 1.  By
way of this document, the Service contended the respondent is
removable on the two charges stated above, and the Service
amended allegation 2 to indicate Portugal and/or Cape Verde.

     The respondent submitted pleadings.  The respondent admitted
1 through 8 and denied 5 and denied the charges of deportability.
Based on the evidence of record, I found that deportability has
been sustained by evidence that is clear and convincing and
unequivocal.  Exhibit 3 is the face page from the immigrant visa,
2 are the pleadings, 4, a conviction record.  This Court
pretermitted the application for a waiver of inadmissibility
pursuant to Section 212(c) of the Act, pursuant to AEDPA.  That
application was pretermitted on March 4, 1997.  This case was in
the program referred to at that time, I believe, as CAP, Communal
Alien Program.  We have had several name changes of that program
over time; it went to the Institutional Hearing Program and to
the Institution of Removal Program.  At the time, the Board had
ruled in Matter of Soriano, the Attorney General had overturned
that ruling.  We had cases coming through the Circuits, such as
Henderson v. INS in the Second Circuit; we had various cases --
Goncalves v. INS in the First Circuit, also had other cases were

A 35 113 649                    2              September 24, 2002

working their way through, <u>Matthew</u> and other cases, finally
ending with the Supreme Court case, <u>INS v. St. Cyr</u>, which
indicated that the principle of <u>Lands-Graff</u> would be applied and
that the respondent would be able to reapply for 212(c) relief,
in terms of the following:  that there was a plea, but at the
time of the plea he was eligible for 212(c) in that he had the
number of years of lawful permanent residence and that, at that
time, he had not been incarcerated for five years or more on one
or more aggravated felonies.

I find the arguments of counsel compelling in his brief at
R-Exhibit 11.  As to the argument that because there is an
aggravated felony for which he served time, which is not listed
in the Order to Show Cause, and that the Service is therefore
estopped from using that conviction to argue that he is
ineligible for 212(c) relief, I note that the charging document,
the Order to Show Cause, is a matter of deportability of the
respondent.  Further, the regulations indicate that the Service
may file an additional charge "at any time".  The Service in this
case has not filed an additional charge, and I believe that it
would not be required in order for him to be ineligible for
212(c) relief.  I note that the Order to Show Cause has to do
with deportability, and deportability has been resolved, and the
respondent has been found deportable by evidence that is clear,
convincing and unequivocal under the <u>INS v. Woodby</u> standard.

The separate phase of the hearing has to do with relief, and

for relief, the statute is clear that the respondent is eligible
for 212(c) relief if he has not served five years or more on one
or more aggravated felonies.  Therefore, as to the relief phase,
I find that the other aggravated felony or felonies can be
considered as to eligibility for relief.

There are other arguments that the original pretermission
under AEDPA has now been resolved by the United States Supreme
Court under INS v. St. Cyr and that the time should relate back
to the initial period of time when the application was
pretermitted.  I am particularly compelled by this argument;
however, I find that once the respondent has served the five
years on one or more aggravated felonies, he becomes statutorily
ineligible for that relief, and that I cannot hear his request
for relief.  Respondent also makes an equitable estoppel
argument, and also cites Kelly v. National Labor Relations Board.
As to the merits, it does appear that the respondent has
significant equities in this country, and while not ruling on
which way the waiver would go if I were to hear it, it does
appear that he has certainly equities to be considered in that
application.

I find that I am forced to take the reading of the statute
literally, even though it is arguable that the time should relate
back to the date of my pretermission of the application.  At that
point, he was statutorily eligible; he did become statutorily
ineligible.  I find I must pretermit his application for a waiver

A 35 113 649                     4              September 24, 2002

of inadmissibility under the statute.

### ORDER

The respondent's application for a waiver of inadmissibility pursuant to Section 212(c) of the Act, be, and the same is hereby pretermitted, as the respondent has served five years or more on one or more aggravated felonies.

IT IS FURTHER ORDERED that the respondent be removed and deported to Cape Verde, and, in the alternative, to Portugal, on the two charges in the charging document.

PATRICIA SHEPPARD
United States Immigration Judge

A 35 113 649                    5                    September 24, 2002

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE PATRICIA SHEPPARD, in the matter of:

CASIMIRO ARMINIO BARROS

A 35 113 649

Boston, Massachusetts

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Lisa Foster, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland   21401
(301) 261-1902

November 25, 2002
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the Matter of:                        Case No.: A35-113-649
BARROS, CASIMIRO ARMINIO

RESPONDENT                        IN DEPORTATION PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Sep 24, 2002.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.

( ✓ )    The respondent was ordered deported to *Cape Verde and, in the alternative to Portugal*
         ~~the alternative to~~
(   )    Respondent's application for voluntary departure was denied and
         respondent was ordered deported to
         or in the alternative to
(   )    Respondent's application for voluntary departure was granted until
              , with an alternate order of deportation
              to
(   )    Respondent's application for asylum was (   )granted   (   )denied
         (   )withdrawn   (   )other.
(   )    Respondent's application for withholding of deportation was
         (   )granted  (   )denied  (   )withdrawn  (   )other.
(   )    Respondent's application for suspension of deportation was (   ) granted
         under section 244(a)(1) or (2)   (   ) granted under section 244(a)(3)
         (   ) denied  (   ) withdrawn  (   ) other.
( ✓ )    Respondent's application for waiver under Section *212(c)* ____ of
         the Immigration and Nationality Act was ~~(   )granted   (   )denied~~
         ~~(   )withdrawn   (   )other.~~ *pretermitted; resp. has served 5 yrs or more on one or more aggravated felonies.*
(   )    Respondent's application for _____ was
         (   )granted  (   )denied  (   )withdrawn  (   )other.
(   )    Proceedings were terminated.
(   )    The application for adjustment of status under Section (216)(216A)
         (245)(249) was (   )granted  (   )denied  (   )withdrawn  (   )other.
         If granted, it was ordered that the respondent be issued all
         appropriate documents necessary to give effect to this order.
(   )    Respondent's status was rescinded under Section 246.
(   )    Other _____ .
(   )    Respondent was advised of the limitation on discretionary relief for
         failure to appear as ordered in the Immigration Judge's oral decision.
Date:  Sep 24, 2002

                                 *Patricia Sheppard*
                                 PATRICIA SHEPPARD
                                 Immigration Judge

          *Reserved by*
Appeal:  ~~WAIVED~~ (Alien/~~INS~~/~~Both~~)
Appeal Due by:    *10/24/02*

GET

*Pet. Ex)*

ALIEN NUMBER:  35-113-649

ALIEN NAME:  BARROS, CASIMIRO ARMI

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN / [ ] ALIEN c/o Custodial Officer  [✓] ALIEN's ATT/REP  [✓] INS
DATE: ____9/24/02___  BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

6Q

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal from a Decision of an Immigration Judge**

| | |
|---|---|
| **1.** | List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s): |

Casimiro Arminio BARROS

A35-113-649

*For Official Use Only*

**! WARNING:** Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in Item #1.

*Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.*

**2.**    I am the    ☒ Respondent/Applicant    ☐ INS    *(Mark only one box.)*

**3.**    I am    ☐ DETAINED    ☒ NOT DETAINED    *(Mark only one box.)*

**4.**    My last hearing was at _____Immigration Court, Boston, MA_____ *(Location, City, State)*

**5.**    **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☒    I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated ___September,24,2002___ .

☐    I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated

_____ .

☐    I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____ .

*(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002

**Page 1 of 3**

Pet. Ex 9

6.

> **State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**
>
> Respondent sought 212(c) relief, which was pretermitted due to his having served more than five years incarceration on combined aggravated felonies. Respondent argues that this decision was incorrect, as set forth in attached hearing memorandum.
>
> This is a novel issue, with broad significance, and may be of interest to a three member panel.
>
> Also respondent wishes to reserve his right, at this time, for the opportunity to present oral argument.
>
> *(Attach additional sheets if necessary)*

> **! WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7.    Do you desire oral argument before the Board of Immigration Appeals?  ☑ Yes   ☐ No

8.    Do you intend to file a separate written brief or statement after filing this Notice of Appeal?  ☑ Yes   ☐ No

> **! WARNING:** If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

9.      X _____   10/22/2002
                              Signature of Person Appealing                    Date
                          *(or attorney or representative)*

Form EOIR-26
Revised Sept. 2002

| 10. | Mailing Address of Respondent(s)/Applicant(s) | 11. | Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|---|---|---|

**10.**

Casimiro Barros
(Name)

46 Russell Road
(Street Address)

(Apartment or Room Number)

Brockton, MA 02302
(City, State, Zip Code)

(617) 582 - 0680 (cell)
(Telephone Number)
508 587 2354 (home)

**11.**

Mark M. Freeman
(Name)

Four Longfellow Place
(Street Address)

Suite 3301-06
(Suite or Room Number)

Boston, MA 02114
(City, State, Zip Code)

617 227 2800
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address. You must use an alien's Change of Address Form (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal* a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

## PROOF OF SERVICE
### (You Must Complete This)

I ___Mark M Freeman___ — mailed or delivered a copy of this Notice of Appeal
(Name)

on ___October 22, 2002___ to ___trial attorney, Litigation Unit___
(Date)                              (Opposing Party)

at ___Litigation Unit, INS, Room 425 JFK Federal Bldg, Boston, MA___ 02203
(Address of Opposing Party)

**SIGN HERE ➤**   X _____
Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

☑ Read all of the General Instructions
☑ Provided all of the requested information
☑ Completed this form in English
☑ Provided a certified English translation
    for all non-English attachments

**HAVE YOU?**

☑ Signed the form
☑ Served a copy of this form and all attachments
    on the opposing party
☑ Completed and signed the Proof of Service
☐ Attached the required fee or Fee Waiver Request

**Page 3 of 3**

Form EOIR-26
Revised Sept. 2002



**U.S. Department of J      ice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*


**Freeman, Mark M. Esquire**
**Four Longfellow Place**
**S, 3506**
**Boston, MA 92114-0000**

**Office of the District Counsel/BO**
**P.O. Box 8728**
**Boston, MA 02114**


**Name: BARROS, CASIMIRO ARMINIO**                    A35-113-649


                                        Date of this notice: 10/27/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.


                    Jeffrey Fratter


                    Jeffrey Fratter
                    Chief Clerk


Enclosure


Panel Members:
      HESS, FRED

Pet. Ex 90

**U.S. Department of Justice**
**Executive Office for Immigration Review**

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A35-113-649 - BOSTON                    Date: OCT 27 2003

In re:  BARROS, CASIMIRO ARMINIO

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Freeman, Mark M. Esquire

ORDER:

    PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

R. 2