```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

CASMIRO ARMINIO BARROS,        )
                               )
        Petitioner,            )
                               )
     v.                        )    C.A. No. 04-12259-PBS
                               )
JOHN ASHSCROFT, et al.,        )
                               )
        Respondents.           )

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, the motion for a temporary restraining order is denied.

## BACKGROUND

Counsel for petitioner Casmiro Barros commenced this action on October 26, 2004 by filing (1) a combined petition for a writ of habeas corpus and a complaint seeking declaratory relief; (2) a memorandum of law in support of the petition; and (3) a motion for a temporary restraining order.

It appears that Barros has been denied Section 212(c) relief by Immigration and Customs Enforcement because he has served more than five years in prison. Barros claims that he should be considered for Section 212(c) relief because he was eligible for such relief when he applied for it in 1997, but was denied it due to the government's position at that time that amendments to the Immigration and Nationality Act retroactively eliminated such

relief. Barros asserts that by the time the Supreme Court held in INS v. St. Cyr, 533 U.S. 289 (2001) that the amendments could not be applied retroactively to aliens who would have been eligible for Section 212(c) relief at the time of their pleas under the law then in effect and his case was reopened, he had already served more than five years in prison and was allegedly improperly denied Section 212(c) relief on that basis.

## ANALYSIS

### The Standard for Issuing A Temporary Restraining Order

A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b).[1] The applicant must also

---

[1] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not

certify the efforts, if any, which have been made to give notice to the adverse party and the reasons supporting the claim that notice should not be required.  Id.

As an initial matter, petitioner's filings do not indicate any "immediate or irreparable" harm sufficient to justify an ex parte restraining order.  By his own admission, the petitioner is currently not in physical custody and is free on bail.  Petitioner's Memorandum of Law, p. 4 (stating that Barros "has been released from Department of Homeland Security custody, pursuant to conditions of bond...").  Any attempt to remove Barros would require, as a first step, that Barros be placed in the physical custody of Immigration and Customs Enforcement.  Therefore, I deny the motion for an ex parte restraining order because I am unable to conclude that immediate and irreparable injury will result before the respondents could be heard in opposition to any motion for injunctive relief.[2]   See Thompson

---

be required.

Fed. R. Civ. P. 65(b).

[2]I also note that petitioner's certificate of service indicates that counsel mailed the motion for a temporary restraining order to counsel for the respondents by first-class mail on October 26, the same date he filed the instant motion for a temporary restraining order in this Court.  Such notice is hardly calculated to provide the respondents with sufficient notice of a motion for injunctive relief.

v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying ex parte relief based, in part, on failure to adequately allege irreparable harm).  However, I will direct, in a separate order, that the petition be served on respondents and that respondents provide 48 hours advance notice of any planned removal of the petitioner.

## CONCLUSION

ACCORDINGLY, this petitioner's request for a temporary restraining order is DENIED.

SO ORDERED.

Dated at Boston, Massachusetts, this 6th day of November, 2004.


/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

4