**ATTACHMENT A**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Bridgewater, Massachusetts

File No.:   A 35 113 649                              March 4, 1997

In the Matter of                )
                                )
CASIMIRO ARMINIO BARROS,        )
a.k.a. CASIMIRO ARMINIO         )   IN DEPORTATION PROCEEDINGS
DA SILVA BARROS,                )
                                )
            Respondent          )

CHARGES:       Section 241(a)(2)(B)(i) of the Immigration &
               Nationality Act, convicted of a violation of a
               controlled substances law; and,

               Section 241(a)(2)(A)(iii) of the Immigration &
               Nationality Act, convicted of an aggravated
               felony.

APPLICATION:   Waiver of inadmissibility pursuant to Section
               212(c) of the Immigration & Nationality Act,
               pretermitted pursuant to AEDPA.

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Mark M. Freeman, Esquire              Richard Buyniski, Esquire
171 Mill Street, Suite 400            Assistant District Counsel
Boston, Massachusetts  02109          JFK Federal Building
                                      Boston, Massachusetts  02203

ORAL DECISION OF THE IMMIGRATION JUDGE

   The respondent herein is an adult male, native and citizen of Cape Verde. Deportation proceedings were instituted against him when the Immigration & Naturalization Service issued an Order to Show Cause on July 6th, 1995, served it upon the respondent on December 19th, 1995, and filed it with the Immigration Court at Boston on April 5th, 1996. Exhibit 1. By way of this document, the Service contends that the respondent is

jd

deportable on the two charges stated above.

The respondent, through counsel, has submitted pleadings. Exhibit 2. In the pleadings, the respondent admits factual allegations 1 through 4 in the Order to Show Cause, and denies factual allegation 5 as well as the two charges of deportability as charged in the Order to Show Cause.

The Immigration Service submitted evidence on the issue of deportability. The first document offered by the Immigration Service is a face sheet of an immigrant visa and alien registration in the name of Casimiro Arminio Da Silva Barros. Exhibit 3. This document was received without objection. I note that the ID number is the same as that of the instant "A" number except for the first digit. That first digit was supplied later, according to the practice in 1975. The document shows the photograph of a young boy. The last name is Barros and his first name, as well, written on the side of the photograph. The document shows that the person entered the United States as a lawful, permanent resident on July 5th, 1975; that the country of birth is Cape Verde and that the nationality is Portuguese. It is my understanding that sometime around 1975 Cape Verde achieved its independence from Portugal; the former colonial state.

The Immigration Service also submitted a conviction record in the name of Casimiro Barros. This is Docket #89924 in the Norfolk Superior Court at Dedham, Massachusetts. The original indictment shows trafficking in cocaine in an amount 200

jd

grams or more under Section 32E(b)(4). The indictment was amended to Section 32E(b)(2) which, to my knowledge, is the amount in that section is between 28 to 100 grams, but the offense is still trafficking in cocaine, however. The document does show a plea of guilty on March 14th, 1995 to the amended indictment. The respondent received a sentence of seven-to-nine years on that offense. I find this document relates to the respondent. I do have a certified document. The document was objected to by respondent's counsel. The issue of certification is not an issue. The issue appeared to be one as to whether or not the immigration warnings under Massachusetts General Laws, Chapter 278, Section 29D had been given. This would be a matter for post-conviction relief and does not effect the validity of the conviction record that I have before me. It is true that a judge may vacate and is required to vacate a plea of guilty if the immigration warnings were not given under that section, but as of today that is merely speculative. The respondent also did not seek to object to its admission because the plea was made prior to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The plea was clearly in 1995, prior to the AEDPA and made at a time when 212(c) relief was still available to a respondent who had seven years or more as a lawful, permanent resident and who had not served five years or more on an aggravated felony.

I note that the respondent received 238 days credit for

A 35 113 649                              3                       March 4, 1997

jd

time served and that it appears that as of today's date, he has not yet served five years or more on an aggravated felony. It does appear that the original offense goes back to August 16th of 1989. The first entry shows a failure to show 6/25 of either 1990 or 1991. It appears that the indictment was returned on June 13th, 1990 and I believe that the first entry is a 1990 date. It appears that there may be another failure to appear in 1992.

Based on the evidence of record, and the admissions of the respondent to allegations 1 through 4 of the Order to Show Cause, I find that deportability has been sustained by evidence that is clear, convincing and unequivocal. Woodby v. INS, 285 U.S. 276 (1966). I note also that the Service's evidence proves deportability independent of the respondent's admissions to allegations 1 through 4 in the Order to Show Cause.

The respondent designated Cape Verde as the country for deportation purposes in his pleadings. The Court will name, in the alternative, Portugal in that it is uncertain whether the respondent retains Portuguese nationality after the independence of Cape Verde.

The respondent seeks termination of proceedings and relief under Section 212(c) of the Act, waiver of inadmissibility. The proceedings will not be terminated. There is no basis at this point. If the respondent is successful in any future post-conviction relief in vacating his plea, he, of

jd

course, will be entitled to a motion to reopen to challenge the finding of deportability if the underlying basis has been vacated. That is speculative at this point.

The respondent seeks a waiver under Section 212(c) of the Act. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) eliminated 212(c) relief for persons who have been convicted of and are deportable under an aggravated felony provision and/or a violation of a controlled substance law. The respondent has been convicted and found deportable under both of these charges.

I would note also that the most recent legislation, IIRIRA, signed into law on September 30th, 1996, has a provision which will become effective April 1st, 1997. That provision will eliminate 212(c) relief altogether. The new form of relief appears to be a combination of some sort of the suspension of deportation and 212(c) relief. However, there are many differences and I would note this is a new form of relief called cancellation of removal proceedings. I would note that at this point, the respondent is in deportation proceedings. The respondent would be ineligible for cancellation of removal proceedings because he has been convicted of an aggravated felony. I note, however, the respondent's request for 212(c) relief is made while 212(c) relief is still a part of the statute; however, certainly AEDPA would eliminate 212(c) relief eligibility for persons who have been convicted of the offenses

A 35 113 649                               5                      March 4, 1997

jd

that the respondent has been found to be convicted of.

The President of the United States, when he signed the Anti-Terrorism and Effective Death Penalty Act, indicated in his remarks given on April 24th, 1996 at 3:05 p.m. that he disfavored the elimination of rehabilitative relief for persons who had been long-time permanent residents of the United States. I note that the respondent came to the United States as a lawful, permanent resident as a young boy in 1975, some 21 years ago. It will be 22 years ago this July. Certainly, these are remarks pertinent to the instant case. The President, given his hesitation, nonetheless, signed the bill into law.

The Attorney General of the United States has recently decided <u>Matter of Soriano</u> on February 21st, 1997. I would note that this instant case is not a "<u>Soriano</u>" case as that case was decided. That case addressed those persons who had applications for 212(c) relief filed on or before April 24th, 1996. In this case, the respondent has requested an individual hearing and requested that he be allowed to file an application for 212(c) relief. That request is denied and the application for 212(c) relief is pretermitted under AEDPA.

Respondent urges the following reasons as to why his client should be entitled to proceed and be granted 212(c) relief. The respondent argues <u>Landgraf v. U.S.I. Film Products</u> in that the settled expectations of this respondent have been disturbed by the new law, AEDPA. Respondent indicated that when

A 35 113 649                          6                    March 4, 1997

jd

he plead guilty, he was still eligible for 212(c) relief and he had every expectation that he would be able to apply for that relief. The respondent also argues that it was the Service's delay in both serving the Order to Show Cause after it had issued and in filing it with the Immigration Court at Boston that caused him not to have his hearing prior to the signing of AEDPA. Of course, none of us has a crystal ball and could not have foreseen that the President would sign AEDPA on April 24th, 1996.

Respondent also makes the equal protection argument that those persons who are in exclusion proceedings are eligible for 212(c) relief while those in deportation proceedings, or otherwise similarly situated, are not eligible for 212(c) relief.

The Service argues that the AEDPA is controlling. It should be applied to this case.

I am bound by the Attorney General's decision in <u>Matter of Soriano</u>. I shall, therefore, pretermit the respondent's application for 212(c) relief.

As to the essentially equitable estoppel argument that the respondent makes concerning the delay that the respondent suffered at the hands of the prosecuting agency, the Immigration & Naturalization Service, I would note that there was a class action suit in the Ninth Circuit; the <u>Soler</u> cases. In those cases, incarcerated aliens argued that the Service's delay was causing them to serve five years or more on an aggravated felony and they were requesting that their cases be heard earlier for

jd

212(c) relief. The Ninth Circuit found that there was no right that the aliens had to insist that their cases be heard earlier. The scheduling of the cases; indeed, the filing of the charging documents are solely within the prerogative of the prosecuting agency in this case, Immigration & Naturalization Service. I note that we are not bound by the Ninth Circuit; however, I believe that the arguments made are sound in that case.

As to the equal protection argument, I find that it is an excellent argument; however, I cannot entertain the constitutional issues in these administrative proceedings. They can simply be preserved for appeal to any higher court should a higher court grant leave to litigate these issues in the higher court. I would note under Kolster v. INS, a First Circuit case in December of 1996, there is limited jurisdiction to contest these issues. However, where they are significant matters of law and/or constitutional issues, it may be possible to go through a federal court through a habeas action and raise them. I would note that the dicta in Kolster v. INS is not favorable to the respondent. Kolster indicates that 212(c) relief is merely a matter of discretionary relief and does not essentially constitute substantive rights under the Landgraf decision. I note that this in dicta. It was not made terribly explicit, but that is my reading on Kolster. I must pretermit the application for 212(c) relief.

The respondent is ineligible for other forms of relief

A 35 113 649                            8                        March 4, 1997

jd

because of his conviction. The respondent has served 180 days or more in the prison so he's ineligible for voluntary departure. The respondent is ineligible for suspension of deportation. He is also ineligible for asylum and withholding of deportation because he has been convicted of a drug offense and even if he had a visa petition immediately available to him which was approved, he would unable to adjust his status because there is no waiver available for a controlled substances violation. I note also that the respondent has been convicted of an aggravated felony, and therefore, he is also ineligible for voluntary departure and suspension of deportation on that basis as well. He cannot meet the requirements for good moral character under 101(f) of the Act.

### ORDER

IT IS ORDERED that the respondent's application for 212(c) relief be, and the same is, pretermitted.

IT IS FURTHER ORDERED that the respondent be deported to Cape Verde on the two charges in the Order to Show Cause.

IT IS FURTHER ORDERED that should Cape Verde refuse to accept the respondent into its borders, Portugal is named as the country for deportation in the alternative.

PATRICIA SHEPPARD
United States Immigration Judge

A 35 113 649                              9                       March 4, 1997

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE PATRICIA SHEPPARD, in the matter of:

CASIMIRO ARMINIO BARROS

A 35 113 649

Bridgewater, Massachusetts

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_____
Judith A. Downey, Transcriber

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

May 13, 1997
(Completion Date)