ATTACHMENT B



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*

---

Chairman

5107 Leesburg Pike. Suite 2400
Falls Church, Virginia 22041

Mark M. Freeman, Esquire
171 Milk Street, Suite 400
Boston, MA 02109

OCT 1 0 1997

<u>BARROS</u>
A35 113 649

Enclosed is a copy of the Board's decision in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:

Gustavo D. Villageliu

Mary Maguire Dunne

David B. Holmes

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

========================================================================

File:   A35 113 649 - Bridgewater, Massachusetts         Date:

In re:  CASIMIRO ARMINIO BARROS                                    OCT 10 1997

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Mark M. Freeman, Esquire
                           171 Milk Street, Suite 400
                           Boston, Massachusetts 02109

CHARGE:

  Order: Sec. 241(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1251(a)(2)(A)(iii)] -
         Convicted of aggravated felony

         Sec. 241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
         Convicted of controlled substance violation

APPLICATION: Waiver of inadmissibility under section 212(c)

ORDER:

   PER CURIAM. The respondent sought relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). However, he is statutorily ineligible for such relief as an "alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)." See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997).

   The respondent also argues on appeal that AEDPA violates the equal protection clause of the Constitution because the new 212(c) provisions apply only in deportation proceedings and not in exclusion proceedings. We cannot rule on the constitutionality of laws enacted by Congress. See, e.g., Matter of Feuntes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992).

Resp. Ex 7.

Case 1:04-cv-12259-PBS    Document 7-3    Filed 12/01/2004    Page 4 of 4

A35 113 649

Accordingly, the appeal is dismissed.

_____
            FOR THE BOARD

- 2 -