ATTACHMENT C

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Boston, Massachusetts

File No.:  A 35 113 649                    September 24, 2002

In the Matter of                    )
                                    )
CASIMIRO ARMINIO BARROS             )    IN DEPORTATION PROCEEDINGS
a/k/a                               )
CASIMIRO ARMINIO DA SILVA BARROS )
                                    )
                                    )
                Respondent          )

CHARGES:        Section 241(a)(2)(B)(i) of the Immigration and
                Nationality Act, at any time after entry,
                convicted of a violation of, for a conspiracy or
                attempt to violate any law or regulation of a
                state, the United States, or a foreign country,
                relating to a controlled substance, as defined in
                Section 102 of the Controlled Substance Act, 21
                U.S.C. 802, other than a single offense involving
                possession for one's own use of 30 grams or less
                of marijuana;

                Section 241(a)(2)(A)(iii) of the Immigration and
                Nationality Act, at any time after entry,
                convicted of an aggravated felony as defined in
                Section 101(a)(43) of the Act.

APPLICATIONS:   Waiver of inadmissibility pursuant to Section
                212(c) of the Act.

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Mark M. Freeman                   Bernard Menendez
4 Longfellow Place, Suite 3506
Boston, Massachusetts 02114

ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent herein is an adult male, native and citizen

of Cape Verde.  Deportation proceedings were instigated against

1

Pet. Ex 8

NOV 1 4 2002

him when the Immigration and Naturalization Service issued an Order to Show Cause on July 6, 1995, served it upon the respondent in person on December 19, 1995 while he was incarcerated at MCI Concord, and filed it with the Immigration Court at Boston, Massachusetts on April 5, 1996.  Exhibit 1.  By way of this document, the Service contended the respondent is removable on the two charges stated above, and the Service amended allegation 2 to indicate Portugal and/or Cape Verde.

The respondent submitted pleadings.  The respondent admitted 1 through 8 and denied 5 and denied the charges of deportability. Based on the evidence of record, I found that deportability has been sustained by evidence that is clear and convincing and unequivocal.  Exhibit 3 is the face page from the immigrant visa, 2 are the pleadings, 4, a conviction record.  This Court pretermitted the application for a waiver of inadmissibility pursuant to Section 212(c) of the Act, pursuant to AEDPA.  That application was pretermitted on March 4, 1997.  This case was in the program referred to at that time, I believe, as CAP, Communal Alien Program.  We have had several name changes of that program over time; it went to the Institutional Hearing Program and to the Institution of Removal Program.  At the time, the Board had ruled in Matter of Soriano, the Attorney General had overturned that ruling.  We had cases coming through the Circuits, such as Henderson v. INS in the Second Circuit; we had various cases -- Goncalves v. INS in the First Circuit, also had other cases were

working their way through, Matthew and other cases, finally ending with the Supreme Court case, INS v. St. Cyr, which indicated that the principle of Lands-Graff would be applied and that the respondent would be able to reapply for 212(c) relief, in terms of the following: that there was a plea, but at the time of the plea he was eligible for 212(c) in that he had the number of years of lawful permanent residence and that, at that time, he had not been incarcerated for five years or more on one or more aggravated felonies.

I find the arguments of counsel compelling in his brief at R-Exhibit 11. As to the argument that because there is an aggravated felony for which he served time, which is not listed in the Order to Show Cause, and that the Service is therefore estopped from using that conviction to argue that he is ineligible for 212(c) relief, I note that the charging document, the Order to Show Cause, is a matter of deportability of the respondent. Further, the regulations indicate that the Service may file an additional charge "at any time". The Service in this case has not filed an additional charge, and I believe that it would not be required in order for him to be ineligible for 212(c) relief. I note that the Order to Show Cause has to do with deportability, and deportability has been resolved, and the respondent has been found deportable by evidence that is clear, convincing and unequivocal under the INS v. Woodby standard.

The separate phase of the hearing has to do with relief, and

for relief, the statute is clear that the respondent is eligible
for 212(c) relief if he has not served five years or more on one
or more aggravated felonies.  Therefore, as to the relief phase,
I find that the other aggravated felony or felonies can be
considered as to eligibility for relief.

     There are other arguments that the original pretermission
under AEDPA has now been resolved by the United States Supreme
Court under INS v. St. Cyr and that the time should relate back
to the initial period of time when the application was
pretermitted.  I am particularly compelled by this argument;
however, I find that once the respondent has served the five
years on one or more aggravated felonies, he becomes statutorily
ineligible for that relief, and that I cannot hear his request
for relief.  Respondent also makes an equitable estoppel
argument, and also cites Kelly v. National Labor Relations Board.
As to the merits, it does appear that the respondent has
significant equities in this country, and while not ruling on
which way the waiver would go if I were to hear it, it does
appear that he has certainly equities to be considered in that
application.

     I find that I am forced to take the reading of the statute
literally, even though it is arguable that the time should relate
back to the date of my pretermission of the application.  At that
point, he was statutorily eligible; he did become statutorily
ineligible.  I find I must pretermit his application for a waiver

A 35 113 649                    4              September 24, 2002

of inadmissibility under the statute.

<u>ORDER</u>

The respondent's application for a waiver of inadmissibility pursuant to Section 212(c) of the Act, be, and the same is hereby pretermitted, as the respondent has served five years or more on one or more aggravated felonies.

IT IS FURTHER ORDERED that the respondent be removed and deported to Cape Verde, and, in the alternative, to Portugal, on the two charges in the charging document.


PATRICIA SHEPPARD
United States Immigration Judge

CERTIFICATE PAGE

     I hereby certify that the attached proceeding before JUDGE PATRICIA SHEPPARD, in the matter of:

CASIMIRO ARMINIO BARROS

A 35 113 649

Boston, Massachusetts

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_____
Lisa Foster, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902

November 25, 2002
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.